**STATE, Plaintiff, v. ELDER, Defendant.**

Municipal Court, Zanesville.

No. 47295.

Joseph W. McNerney, Pros. Atty. Richard E. Bridwell, Asst. Pros. Atty., Zanesville, for the State of Ohio.
Charles S. Leasure, Frank Micheli, Zanesville, for defendant.

## OPINION

By MERRY, J.

On October 30, 1953, defendant Elder was tried before this court upon an affidavit filed by one Bobby Mock charging the defendant with the violation of §3773.21 **R. C.** (formerly §12817 **GC**). The affidavit recites that Elder "on or about the 26th day of September, 1953, in the County of Muskingum and State of Ohio, unlawfully and purposely did discharge a firearm, to-wit: a revolver, upon a public highway, to-wit: U. S. Highway No. 22." **Sec. 3773.21 R. C.** provides as follows:

"Prohibition against discharging firearms.

"No person shall discharge a firearm on a· lawn, park, pleasure ground, orchard, or other ground appurtenant to a school house, church, or an inhabited dwelling, the property of another, or a charitable institution, or upon or over a public road or highway.

"This section does not prevent or prohibit the owner thereof from discharging firearms upon his own enclosure."

At the trial ten witnesses testified on behalf of the State, and the facts as found by the Court indicate that on September 26, 1953, Bobby Mock was operating an automobile in a southerly direction on U. S. Highway No. 22, known popularly as the Maysville Pike, at a point south of the corporation limits of the village of South Zanesville, Muskingum County, Ohio; that the defendant, Elder, the duly appointed, qualified and acting Chief of Police of the Village of South Zanesville, Ohio, was standing on the east side of said road at said point, and that when Mock's automobile approached, the defendant Elder stepped upon this highway and waved his arms at Mock's automobile; that Mock either ignored or failed to observe the defendant's signal; that Mock continued to operate his automobile in a southerly direction on U. S. Highway No. 22; and that the defendant thereupon fired his revolver at or in the direction of Mock's automobile, returned to his cruiser which was parked on the east side of the highway, and began pursuit of Mock's automobile. Defendant Elder did not testify and no evidence in his behalf was offered, with the exception of a stipulation that Elder was the duly appointed, qualified and acting police chief of the Village of South Zanesville.

The question thus presented to the Court is simply this: Can a peace officer of a village, acting outside the boundaries of said village, be held criminally liable for discharging a firearm upon a public highway, when it does not appear that said peace officer is in the act of apprehending or pursuing a felon? The Court and Counsel for the State and the Defendant agree that the question is a novel one which has not been previously passed upon in the Courts of this State.

In Briefs submitted to the Court by both counsel for the State and the defendant the evolution of the statute involved, §3773.21 R. C., former §12817 GC, has been competently and thoroughly examined. Apparently, the ancestor of both these statutory provisions was an Act passed by the Legislature on April 20, 1874, contained in 71 Ohio Laws 147. The title to this act indicated that this particular legislation ( to become known as §12817 GC) was "To protect certain game and birds, etc."' Subsequently, on March 21, 1917, the Legislature passed another act "Amending §12817 GC relative to discharging fire-arms on or near a public highway." 107 Ohio Laws 641. This latter enactment, insofar as the title to the Act is concerned, certainly does not limit the inclusiveness of the Act to violations of the game laws, but rather shows the specific intention of the Legislature to make unlawful the discharge of fire-arms on or near a public highway. At any rate the Court is not overly concerned with the problem of titles to legislation. The title to an act has been declared to be no part thereof in the sense that it is no part of the substantive law, especially where the words of the enacting clause are clear and positive. 37 O. Jur. 456, 7 Ohio, 80, 86. The wording of §3773.21 R. C. is plain and unambiguous in providing that "No person shall discharge a firearm * * * upon or over a public road or highway." While criminal statutes are to be strictly construed in favor of the defendant, the courts are not authorized so to interpret them to defeat the obvious purpose and intent of the legislature. Woodworth v. State, 26 Oh St 196; Conrad v. State, 75 Oh St 52, 78 N. E. 957.

It is clear that the rule of strict construction of penal statutes is applicable only for the purpose of determining the meaning of doubtful statutory provisions. There is no necessity for resorting to it when the language of the statute is clear and unambiguous. Andrews v. State, 3 Oh Ap 436. It would therefore appear to the court that §3773.21 R. C. is a penal statute of general and unrestricted nature, declaring unlawful the discharging of firearms in certain designated places.

Counsel for the Defendant urges the Court to read into

§3772.21 **R. C.** an exemption for persons lawfully authorized to bear firearms when such persons discharge firearms upon public highways. This the Court cannot do in face of the plain language of the statute which limits the sole exemption from criminal liability thereunder to an owner discharging firearms upon his own enclosure. Without passing upon the question of when and under what circumstances a peace officer may lawfully discharge a firearm over or upon a public highway, the Court feels that it is the general rule that a peace officer may use a firearm, even to the extent of taking life, if necessary, to effect the arrest of a felon, but he may not do so, except in self-defense, to effect an arrest for a misdemeanor, such as travelling at a high rate of speed or reckless operation of an automobile, whether his purpose is to kill or merely stop the misdemeanant's flight, even though the latter cannot be taken otherwise. 42 A. L. R. 1200. People v. Klein, 305 Ill. 141, 137 N. E. 145, People v. Scalisi, 324 Ill. 131, 154 N. E. 715, Green v. State, 189 S. 763, 238 Ala. 143. In this particular case, it was not shown by the defendant that he used a firearm in attempting to arrest a felon· or whether he had reasonable grounds to believe he was attempting to arrest a felon. On the contrary, the facts show that defendant discharged his firearm at or in the direction of the automobile driven by Mock while the latter was committing a misdemeanor, if he (Mock) were violating any statute at all. If the shot fired by the defendant had struck and killed Mock or any other person, it certainly could not be contended by the defense that defendant would be exempt from possible prosecution for murder, manslaughter or assault and battery. **State v. Sells, 30 Abs 355** (Appeals, Fayette County, Ohio 1939). And in view of the court's opinion that §3773.21 **R. C.** is a general penal statute, it follows that a peace officer can be prosecuted under this latter section when certain factual conditions exist.

Furthermore the evidence produced by the State showed that the defendant at the time of the alleged violation was standing upon U. S. Highway No. 22 at a point definitely beyond the corporation limits of South Zanesville, Ohio, the village in which defendant was the chief of police. The Court is of the opinion that as a general rule a peace officer has no authority to make arrests without a warrant outside of the territorial jurisdiction in which he is elected or appointed, unless specifically otherwise authorized by law. This view is thoroughly discussed in 5 C. J. 422, Section 57 and has been followed in the 1939 Ohio Attorney General Opinions No. 1076 (p. 1547). The Court is unaware of any statutory authority contrary to this general view. It follows then that

the chief of police of South Zanesville, Ohio, has no power or authority to make or arrest without a warrant outside the limits of South Zanesville for a violation of the laws relating to motor vehicles when such violation amounts only to a misdemeanor. The Court has dwelt on this particular point to further emphasize that the defendant in this particular case was acting without any authority whatsoever so as to lose any possible protection provided for police officers in avoiding criminal prosecution.

It is therefore the opinion of this Court that a peace officer of a village, acting outside and beyond the territorial limits of the village, can be held criminally liable under §3773.21 R. C. for discharging a firearm upon a public highway when it does not appear that said peace officer is in the act of arresting or pursuing a felon.

The Court finds the defendant guilty as charged in the affidavit, and the defendant will be fined fifteen ($15.00) Dollars and assessed the costs of this prosecution.