CITY OF FAIRBORN, APPELLEE, *v.* MUNKUS, APPELLANT.

[Cite as Fairborn v. Munkus (1971), 28 Ohio St. 2d 207.]

(No. 70-697—Decided December 29, 1971.)

*Mr. Gerald E. Schlafman*, for appellee.

*Messrs. Cox & Brandabur* and *Mr. Jerome G. Menz*, for appellant.

STERN, J. The issue presented is whether police officers of a municipal corporation have the power to arrest, outside the limits of their municipality, but within the territorial jurisdictional limits of the Municipal Court, on warrants properly issued upon affidavits charging the violation, within a municipality, of a municipal ordinance.

The general common-law rule is that the power of a municipal police officer is limited to the boundaries of his municipality, and that he may not, even with a warrant, make an arrest outside his territory for a misdemeanor. 5 American Jurisprudence 2d 710. This rule, however, has been changed by statute.

R. C. 2935.02 states:

"If an accused person flees from justice, or *is not found in the county where a warrant for his arrest was issued*, the officer holding the same may pursue and arrest him in any county in this state, and convey him before the magistrate or court of the county having cognizance of the case. * * *" (Emphasis added.) The record in the instant case indicates that the defendant was not found within the municipal limits of Fairborn. The police officers, with the warrants, then proceeded to arrest the defendant outside the municipal limits, but within the jurisdictional limits of the court.

R. C. 2935.02 refers to the geographical limits of a county, whereas the instant case concerns itself with the geographical limits of a municipality. The intent of the General Assembly, however, remains clear. No exception is made in R. C. 2935.02 for any particular type of officer, and it would appear that any officer, with a warrant, be he of a municipal police force, or otherwise, could arrest a person outside the limits of the county, when such person could not be found within the county. If a municipal police officer is cloaked with that authority, it follows that he has the authority to make an arrest, with a warrant, within the

jurisdictional limits of the municipal court, even where it extends beyond the geographical limits of the municipality.

The word "officer" is not defined in Chapter 2935. We must, therefore, derive its meaning from its use in all sections of that chapter. It should be noted, however, that R. C. 2935.01 (B) does define "peace officer" as including "* * * a sheriff, deputy sheriff, marshal, deputy marshal, *member of the organized police department of any municipality*, a police constable of any township * * *." (Emphasis added.) We conclude that the word "officer," as used in Chapter 2935, includes a municipal police officer unless specifically stated otherwise.

In addition, R. C. 2935.10, in providing to whom warrants may be issued, states, in part:

"If the offense charged is a misdemeanor or violation of a municipal ordinance, such judge, clerk, or magistrate may:

"(A) Issue a warrant for the arrest of such person, directed to any officer named in Section 2935.03 of the Revised Code but in cases of ordinance violation *only* to a police officer or marshal or deputy marshal of the municipal corporation." (Emphasis added.)

R. C. 2935.03 names as officers "a sheriff, deputy sheriff, marshal, deputy marshal, or police officer" and "constable," and the use of the word "only" indicates that a municipal police officer is included in that category of officers. This substantiates our holding that "police officer" includes a municipal police officer.

In the instant case, the original warrants were issued as a result of violations of municipal ordinances. Therefore, they could *only* be directed to and executed by a police officer, marshal, or deputy marshal of the municipal corporation. If a municipal police officer lacks the authority to make an arrest, with a warrant, outside the municipal limits, no arrest could be made so long as the defendant stayed outside the municipal limits, for the warrants could not be issued to any other officer. Surely that result was not intended by the General Assembly.

It should also be noted that R. C. 1901.32(D) and (E)[2] give municipal police officers the authority to act as ex officio bailiffs to carry out the order of the Municipal Court. As such, they have the authority to perform administrative services as requested by rule of court, including the execution of warrants for arrest.

We hold that a municipal police officer may make an arrest anywhere within the jurisdictional limits of the issuing Municipal Court, for a violation of a municipal ordinance, upon a properly issued warrant.

The defendant contends further that the granting of jurisdiction to municipal police officers to act outside the geographical limits of a municipality violates Section 3 of Article XVIII of the Ohio Constitution. In the instant case, the city of Fairborn has passed no regulation affecting conduct outside its city limits. Nor has it passed any regulation in conflict with the "general laws" of this state. Further, the statutes enacted by the General Assembly, referred to above, do not violate Section 3 of Article XVIII. They merely authorize municipal police officers to carry out the administrative duties of the Municipal Court.

Since the arrest of the defendant under warrants was authorized, the misdemeanor charge of resisting arrest, R. C. 2917.33, is proper.

R. C. 2935.03 provides authority for such an arrest. It states:

"A sheriff, deputy sheriff, marshal, deputy marshal,

---

[2]R. C. 1901.32(D) and (E) provide as follows:

"(D) Every police officer of any municipal corporation or police constable of a township within the territory is ex officio a deputy bailiff of the court in and for the municipal corporation or township within which he is commissioned as such police officer or police constable, and shall perform such duties in respect to cases within his jurisdiction as are required of him by a judge of said court or by the clerk or bailiff or deputy bailiffs thereof, without additional compensation. * * *

"(E) The bailiff and deputy bailiffs shall perform for the court services similar to those performed by the sheriff for the Court of Common Pleas, and shall perform such other duties as are requested by rule of court."

or *police officer* shall arrest and detain a person *found violating a law of this state*, or an ordinance of a municipal corporation, until a warrant can be obtained.
"`* * *

"A constable within the limits of the township in which said constable has been appointed or elected, shall arrest and detain a person found by him in the commission of a misdemeanor, either in violation of a law of this state or an ordinance of a village, until a warrant can be obtained." (Emphasis added.)

In making an exception for constables alone, this statute further substantiates our view that the term "police officer" must include a police officer of a municipality. Officer Platt is such an officer, and in observing this violation of state law he had the authority to make an arrest in accordance therewith.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN and LEACH, JJ., concur.[3]

---

[3]JUSTICE DUNCAN sat in this case during oral argument, but did not participate in the decision.