THE STATE OF OHIO, APPELLEE, *v.* ANDERSON, APPELLANT.

[Cite as State v. Anderson (1976), 46 Ohio St. 2d 219.]

(No. 75-887—Decided May 12, 1976.)

220

*Mr. Gerald L. Pater,* prosecuting attorney, for appellee.

*Messrs. Holbrock, Jonson, Bressler & Houser* and *Mr. H. J. Bressler,* for appellant.

*Per Curiam.* Although some authority exists to support appellant's proposition that a municipal police officer lacks authority outside of the municipality which he serves to make a warrantless arrest for the commission

of a misdemeanor,[1] this court has had no occasion to decide that question.

The question will remain open however because appellant has not presented it in a posture susceptible to adjudication.

Appellant's motion for dismissal was overruled by the court upon a holding[2] that officer Barnickel's attempted arrest of Hubbard was lawful. The Court of Appeals agreed that "the arrest of Hubbard in St. Clair Township was a legal arrest."

Appellant has not directly appealed or challenged those findings, but argues, in effect, that once officer Barnickel was outside of the city of Hamilton he ceased to be a policeman with respect to Anderson. Such argument fails to recognize that the offenses for which Anderson was charged and convicted arose out of Anderson's interference with a concededly valid policeman-arrestee relationship.

The record adequately establishes a violation of R. C.

---

[1] In *obiter dicta*, the opinion in *Fairborn* v. *Munkus* (1971), 28 Ohio St. 2d 207, 209, reads: "The general common-law rule is that the power of a municipal police officer is limited to the boundaries of his municipality, and that he may not, even with a warrant, make an arrest outside his territory for a misdemeanor." See, also, *State* v. *Vanbarg* (1975), 44 Ohio Misc. 11; *State* v. *Elder* (1953), 67 Ohio Law Abs. 385; Opinions of Attorney General (1974), No. 74-094. But, cf., R. C. 737.19, which authorizes a village marshal to "pursue and arrest any person fleeing from justice in any part of the state," and R. C. 2935.30, which gives a municipal police officer "of another state" certain arrest powers when in "fresh pursuit" of a person believed to have committed a felony.

[2] The court states:

"The officer was in pursuit; the officer had a right to make the arrest after he was pursuing him [Hubbard] for offenses which occurred within the city of Hamilton. And it's my opinion that anyone obstructing that arrest under the state law, the officer would, also, be entitled to arrest him. * * *

"* * *

"Well, I'm going to hold * * * [where] a police officer is lawfully chasing a person for an offense which occurred in his community that if at the end of the chase someone tries to interfere with him arresting that man, he is violating the law. And I hold that."

2921.31, that appellant obstructed official business, and of R. C. 2921.33, that appellant did "interfere with a lawful arrest of himself or another."

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN and W. BROWN, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

CORRIGAN and P. BROWN, JJ., dissent.

CORRIGAN, J., dissenting. Absent statutory authorization, an arrest without a warrant for the commission of a misdemeanor, committed in his presence but not within the municipal limits which he serves, cannot be made by a police officer outside the corporate boundaries of the municipality which he serves.