THE STATE OF OHIO, APPELLANT, *v.* WALLACE, APPELLEE.

[Cite as State v. Wallace (1976), 50 Ohio App. 2d 78.]

(No. 75AP-692—Decided August 24, 1976.)

*Mr. John L. Francis*, city attorney, *Mr. Daniel W. Johnson*, prosecuting attorney, and *Mr. Thomas Conaty*, for appellant.

*Ms. Carolyn A. Watts* and *Mr. Barry A. Waller*, for appellee.

McCORMAC, J. Appellee was arrested and charged with operating a motor vehicle while his license was suspended, in violation of R. C. 4507.39. Apparently the charge was later amended to operating a motor vehicle under the influence of alcohol. Prior to trial, appellee moved to suppress evidence of a urine test for blood alcohol, on the basis that the arrest of appellee had been made by a Columbus police officer outside the city limits of Columbus. Appellant concedes that the evidence was properly suppressed if the arrest was illegal. The only issue presented to the court was the *de jure* authority of a municipal police officer to arrest outside the municipality.

The parties stipulated that the arrest did take place outside the Columbus city limits and that it was made without a warrant. Moreover, there is no indication that any activity of appellee was observed within the Columbus city limits, so that application of the "hot pursuit" doctrine is not in issue. The record indicates that the Columbus city

boundaries are irregular at the place of arrest, so that it is difficult to determine the boundaries without the benefit of maps. The arresting officer testified that he was unaware that he was outside the city limits when he observed appellant commit a traffic misdemeanor and arrested him.

The trial court suppressed the evidence obtained as a result of the arrest, on the basis that the arrest of appellee was illegal. From the granting of this motion suppressing evidence, the state of Ohio was granted leave to appeal, pursuant to R. C. 2945.67 through 2945.70 and Crim. R. 12(J).

The state certified that evidence was insufficient to prosecute appellee if the suppressed evidence could not be used.

The sole assignment of error is as follows:

"An arrest by an on-duty police officer for a misdemeanor occurring in his presence is not illegal because it took place a few yards outside the corporation limits of that officer's employ."

Appellant concedes that the general common-law rule is that an arrest without a warrant is legal only where it is authorized by statute and that the arresting power of a municipal police officer is limited to the boundaries of his municipality unless otherwise authorized by law. See *Fairborn* v. *Munkus* (1971), 28 Ohio St. 2d 207; also *State* v. *Anderson* (1976), 46 Ohio St. 2d 219, where that statement in *Fairborn* is referred to as *obiter dicta,* indicating that the general rule is open for discussion.

The issue is whether R. C. 2935.03 alters the common-law rule by authorizing a municipal police officer to arrest a misdemeanant without a warrant outside the limits of the municipal corporation.

R. C. 2935.03 provides, as follows:

"A sheriff, deputy sheriff, marshal, deputy marshal, or police officer shall arrest and detain a person found violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained.

"When there is reasonable ground to believe that an offense of violence, a theft offense as defined in section

2913.01 of the Revised Code, or a felony drug abuse offense as defined in section 2925.01 of the Revised Code, has been committed, a sheriff, deputy sheriff, marshal, deputy marshal, or police officer may arrest without a warrant any person whom he has reasonable cause to believe is guilty of the violation, and detain him until a warrant can be obtained.

"A constable within the limits of the township in which said constable has been appointed or elected, shall arrest and detain a person found by him in the commission of a misdemeanor, either in violation of a law of this state or an ordinance of a village, until a warrant can be obtained."

The trial court, following two other municipal court decisions (*State* v. *Vanbarg* [1975], 44 Ohio Misc. 11, and *State* v. *Elder* [1954], 67 Ohio Law Abs. 385), concluded that R. C. 2935.03 does not extend the arrest jurisdiction of a municipal police officer beyond the limits of the municipality. Appellant contends that the Ohio Supreme Court inferentially decided to the contrary in *Fairborn* v. *Munkus, supra.* In *Fairborn,* the Supreme Court held that a municipal police officer may make an arrest for a violation of a municipal ordinance upon a properly issued warrant anywhere within the jurisdictional limits of the issuing court, based on an interpretation of R. C. Chapter 2935 and, in particular, R. C. 2935.02. However, in deciding the question of arrest by a municipal police officer for violation of a municipal ordinance upon a warrant outside the limits of the municipality, the court discussed R. C. 2935.03 and stated as to this statute, as follows:

"In making an exception for constables alone this statute further substantiates our view that the term 'police officer' must include a police officer of the municipality." (Page 212.)

However, in *State* v. *Anderson,* the Supreme Court expressly stated that resolution of the question is open.

The history of R. C. 2935.03 indicates that, prior to 1933, a constable was included within the group of persons given power to arrest and detain a person violating a law of this state or an ordinance of a municipal corporation un-

til a warrant could be obtained. G. C. 13492. In 1933, G. C. 13432-1 was enacted, specifically restricting the warrantless misdemeanor arrest power of a constable to the limits of the township in which the constable had been appointed or elected. R. C. 2935.03 is substantially identical to G. C. 13432-1. One possible interpretation is that police officers are not restricted, as are constables, and have the power to arrest and detain a person found violating a law of this state outside the municipality of which they are an officer until a warrant can be obtained. Undue weight should not be given the 1933 amendment as there is some indication that the intention was to limit township constables from county-wide to township jurisdiction, rather than to enlarge that of other officers. See Att'y Gen. Op. No. 74-094.

Appellee contends that other sections of the Revised Code (R. C. 715.05 and 737.10) provide for police jurisdiction outside a municipal corporation. However, those sections are not in conflict with an interpretation of R. C. 2935.03 that a municipal police officer has statewide arrest power without a warrant for a misdemeanor committed in his presence. R. C. 2935.03 does not confer all of the powers of a police officer possessed by that officer in his own municipality on a statewide basis, but only a very limited portion of those powers, while R. C. 737.10 and 715.50 grant full powers to the municipal police officer in the circumstances enumerated therein. Hence, these statutes are not surplusage as contended by appellee, even if R. C. 2935.03 is held to confer statewide jurisdiction on police officers for the arrest of misdemeanants without a warrant.

The most compelling argument made by appellee is that jurisdiction of police officers, as long established by common-law rule, should not be changed by implication, but only by an express determination of the General Assembly.

The facts of this particular case seem to ideally support a holding that a municipal police officer has the power to arrest without a warrant for a misdemeanor which was committed outside the municipal corporation. In this case, there was no intent to perform police functions outside the

city of Columbus, and the arrest took place as a result of conduct for which an arrest would clearly be proper a short distance away, within the city of Columbus. However, we must keep in mind that the holding set forth in this decision will be applicable in other situations as well. For example, one municipal corporation may feel that its neighbor is permitting conduct adjacent to the corporation that would not be tolerated in the first municipality and which affects the first municipality. The consequence of a holding permitting a municipal police officer to arrest for misdemeanors taking place in the adjacent municipality may be a dispute and consequent bad feelings and hostility between the municipalities. Further consequences that may be undesirable are off-duty arrests outside the municipality, perhaps while not in uniform, as well as insurance or workmen's compensation ramifications.

In conclusion, we feel that an extension of warrantless arrest power by a municipal police officer for misdemeanors committed outside a municipality should be expressly made by the General Assembly after considering the aforesaid consequences, as well as others not brought to the attention of this court, rather than by our enlarging the common-law rule by guessing at legislative intent. R. C. 2935.03 does not clearly show an intent to grant the power sought herein.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and HOLMES, J., concur.