THE STATE OF OHIO *v.* JELLIFFE.

(No. 82-CRB-29852—Decided November 19, 1982.)

Hamilton County Municipal Court.

*Mr. James S. Ginocchio,* for plaintiff.
*Mr. Theodore J. Jelliffe, pro se.*

PAINTER, J. This matter came on to be heard on a "no contest" plea, the unrepresented defendant thereby admitting the facts alleged in the complaint. Defendant is charged with violating R.C. 2921.31, obstructing official business.

The facts adduced by the prosecution, and uncontroverted by defendant are as follows: On the evening of November 5, 1982, defendant was attending a rock concert at the Cincinnati Riverfront Coliseum. Defendant saw an individual in "street clothes" whom he recognized as a Cincinnati policeman. Defendant then told at least one other individual, evidently in the hearing of the officer, that the large person was "a cop." Defendant was then arrested and charged with obstructing official business. R.C. 2921.31(A) states as follows:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

The allegations in the complaint were that defendant "without privilege to do so and with purpose to obstruct the performance by Police Spec. Maundrell, a public official, of an authorized act within his official capacity, did expose an undercover police officer which hampered said public official in the performance of his lawful duties * * *."

There was no allegation that defendant's warning prevented the apprehension of any persons then violating the law.

There are a number of reported cases construing the section here in question. Two cases deal with the issue of whether warning oncoming motorists of "speed traps" is a violation of this section, or similar local ordinances. In *Akron* v. *Matteson* (M.C. 1972), 63 O.O. 2d 146, the court stated, at page 147, that since there was no evidence of speeders "in or about the area when defendant flashed her lights," it was first necessary to determine whether there was in fact a violation of the law, which defendant's act prevented officers from detecting. The court stated that since there was no evidence that there were speeders in or around the area, there were no offenses committed, so defendant's act did not prevent the officers from performing their duty in arresting said offenders. The same reasoning was followed in *Warrensville Hts.* v. *Wason* (1976), 50 Ohio App. 2d 21 [4 O.O.3d 12]. There, the court stated at pages 25-26:

"It follows that one of the elements of obstruction is the presence of an illegal act which generates the policeman's duty to enforce the law. An additional element is interference with intent to impede the performance of that duty. In the present case it is conceded that the defendant did not warn persons who were violating the law. The drivers whom he signalled were not shown to be speeding. The officer was not proceeding, did not intend to proceed and did not have a basis for proceeding,

against the persons warned. Though the intent to warn was clear, the warning was not directed to persons whom the evidence revealed to have been either acting illegally or to have begun activity intended to culminate in illegality. Thus, only one of the two elements necessary to establish an offense was present and the offense was not proved."

Of course, in *Dayton* v. *Rogers* (1979), 60 Ohio St. 2d 162 [14 O.O.3d 403], the Ohio Supreme Court held that the making of unsworn false oral statements to police officers is not punishable conduct within the prohibition of R.C. 2921.31(A). Here the statement was not made to a police officer, but about a police officer, and the statement was in fact true.

In *Dayton* v. *Rogers* the Supreme Court stated, at page 164, as follows:

"R.C. 2921.31(A), as well as the ordinance under consideration, prohibits 'acts' which hamper or impede public officials in the performance of their lawful duties. While in certain contexts the term 'act' may be construed to include a statement, we do not believe that was the intent of the General Assembly in R.C. 2921.31(A). We conclude similarly in relation to the ordinance that it was not the intention of the legislative body of the city in enacting this section that it encompass oral statements."

It is our opinion that the legislature did not intend to include the conduct exhibited by defendant here in the prohibitions of the instant section, and that the above language of our Supreme Court, while it may be *dicta*, is persuasive. If unsworn false oral statements are not prohibited, then certainly unsworn *true* statements should not be prohibited. We agree with the Supreme Court's reasoning in the *Rogers* case, in which they went on to comment, at page 165, as follows:

"In addition to the matter of statutory construction, there are policy considerations which militate against the affirmance of appellant's conviction. R.C. 2921.31(B) makes obstructing official business a misdemeanor of the second degree, the maximum penalty for which is 90 days confinement and a $750 fine. While such a potential penalty may be commensurate with penal policies regarding physical, obstructive acts, it would appear to be somewhat severe for an oral, unsworn misrepresentation."

Additionally, there is no allegation that defendant's conduct actually prevented the arrest of any persons who were then violating the law. While it may have made detection of violations more difficult, it is equally possible that it may have inhibited the commission of crimes in the first place. Surely that is one goal of law enforcement.

All things considered, we cannot find that defendant's conduct was a violation of R.C. 2921.31. Defendant is therefore found not guilty, and defendant is discharged.

*Defendant not guilty.*