CITY OF PEPPER PIKE, Appellee,

v.

GARSON, Appellant.

[Cite as *Pepper Pike v. Garson* (1997), 117 Ohio App.3d 473.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70180.

Decided Jan. 27, 1997.

*Walter & Haverfield, Jonathan D. Greenberg* and *Debora S. Lasch,* for appellee.

*Paul W. Flowers,* for appellant.

NAHRA, Judge.

On January 18, 1995, appellant, Gary B. Garson, was traveling east on Chagrin Boulevard through Pepper Pike to a restaurant in the city of Moreland Hills. A Pepper Pike policeman, Officer Jeffrey Martin, was parked less than one mile from the Pepper Pike–Moreland Hills border conducting radar enforcement of traffic. Officer Martin clocked appellant traveling fifty-three m.p.h. in a thirty-five zone and followed appellant. Appellant testified that he was not aware Officer Martin followed him along Chagrin Boulevard and that he was first cognizant of Officer Martin as he pulled into the restaurant's driveway.

Appellant exited his car and approached Officer Martin's patrol car, which had stopped behind his vehicle. Officer Martin exited his vehicle and ordered appellant to get back into his car. Appellant failed to return to his own vehicle. Appellant was then ordered to enter Officer Martin's vehicle and failed to do so. As a result, Officer Martin physically placed appellant in the rear seat of his patrol car with the assistance of Officer Scott Williams, a Moreland Hills police officer. Appellant was cited for speeding, disorderly conduct, and resisting arrest in violation of Pepper Pike ordinances.

Appellant appeals his conviction after trial for disorderly conduct in violation of Pepper Pike Ordinances 648.04. Garson was also convicted of speeding in violation of Pepper Pike Ordinances 434.03, from which he does not appeal.

Appellant has listed seven assignments of error. However, this court need address only appellant's third assignment of error, which states:

"The municipal court erred, as a matter of law, by subjecting defendant-appellant to the ordinances of Pepper Pike."

Appellant argues that the Shaker Heights Municipal Court lacked jurisdiction to hear the charge of disorderly conduct because the actions giving rise to the charge of disorderly conduct arose outside the boundary of the city of Pepper Pike and the city could not exercise its police power to proscribe conduct outside its municipal boundaries.

Section 3, Article XVIII of the Ohio Constitution states:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce *within their limits,* such local police, sanitary and other similar regulations, as are not in conflict with general laws." (Emphasis added.)

Section 3, Article XVIII of the Ohio Constitution limits the power of a municipality to exercise its police powers within its boundaries, except where explicitly authorized by law. *Springfield v. All Am. Food Specialists, Inc.* (1993),

85 Ohio App.3d 464, 469, 620 N.E.2d 120, 124; see, *e.g.*, R.C. 715.50 (granting extraterritorial power to municipalities to regulate and police municipal property which lies outside its border).

Appellant was charged with disorderly conduct in violation of the ordinances of Pepper Pike. However, the conduct giving rise to that charge occurred wholly within the village of Moreland Hills. Because of this, the court improperly heard the charge of disorderly conduct brought pursuant to the Pepper Pike Codified Ordinances.

Appellant's third assignment of error is well taken. Appellant's conviction for disorderly conduct pursuant to Pepper Pike Codified Ordinances 648.04 is reversed. Appellant did not contest the authority of the court to hear the charge of speeding, and its judgment as to that charge is undisturbed.

Appellant's first, second, fourth, fifth, sixth, and seventh assignments of error, listed in the Appendix, are moot and need not be specifically addressed. App.R. 12(A)(1)(c).

*Judgment affirmed in part*
*and reversed in part.*

SPELLACY, C.J., concurs.

KARPINSKI, J., concurs separately.

KARPINSKI, Judge, concurring.

I concur but only reluctantly because of the technicality that defendant was improperly charged under the Pepper Pike Codified Ordinances, not under the Revised Code.

Defendant's behavior clearly was disorderly. The evidence shows he was defiant in refusing to enter either his own car or the police cruiser so that the officer could write up a citation. Once in the patrol car defendant kicked open the rear door while the Pepper Pike officer was closing it and then rushed him in a threatening manner. Defendant proceeded to struggle with the Pepper Pike officer along with the Moreland Hills officer.

The Pepper Pike Ordinance (648.04) regarding the offense of disorderly conduct expressly refers to its counterpart in the Revised Code (2917.11), which has the same substantive elements. If defendant had been charged under the Revised Code, he would have been properly convicted. *State v. Anderson*, (1976), 46 Ohio St.2d 219, 75 O.O.2d 248, 346 N.E.2d 776,

## APPENDIX

Appellant's assignments of error, made moot by this opinion, are:

I.  The municipal court erred, as a matter of law, by finding that plaintiff-appellee had proven venue on the charge of disorderly conduct beyond a reasonable doubt.

II.  The municipal court erred, as a matter of law, by asserting jurisdiction over the charge of disorderly conduct.

IV.  The municipal court abused its discretion, to defendant-appellant's considerable detriment, by prohibiting his counsel from cross-examining witnesses on prior inconsistent statements.

V.  The municipal court abused its discretion, to defendant-appellant's considerable detriment, by prohibiting his counsel from cross-examining a witness in regards to his meetings and discussions with the prosecution.

VI.  The municipal court erred, as a matter of law, by forcing defendant-appellant's counsel to provide the prosecution with confidential and privileged notes of his discussions with his witnesses.

VII.  The municipal court's conviction of defendant-appellant for disorderly conduct was against the manifest weight of the evidence.