Appellant, Paul R. Claren, is appealing his conviction for obstructing official business, a second degree misdemeanor. For the following reasons, we affirm.
Appellant's brief states that two transcript were filed with this case. There is only one transcript in the record before this court. The trial testimony in this transcript was as follows:
Sergeant John Paskin of the Ohio State Highway Patrol testified he was investigating a road rage incident. The license plate of the van involved was registered to appellant's wife. When appellant's wife was contacted, she said the vehicle was being driven by her husband. Her husband was currently at his mother's home.
Paskin telephoned appellant. Paskin asked appellant to come to the police statement to discuss the road rage incident and to bring the van for inspection. Appellant said he could not because there was a warrant out for his arrest. Paskin confirmed that there was a valid felony warrant out for the arrest of the appellant in a patient abuse case. Paskin urged appellant to turn himself in.
Appellant testified that he was a registered nurse. In 1996, he was accused of patient abuse. His case went to the grand jury. Appellant never received notice of a court date.
Appellant testified that on the date he allegedly obstructed official business, he was at his mother's home. Appellant was getting ready to walk his dogs. He looked out the window and saw two men get out of an unmarked car. He did not see the other officers, who were in uniform. Appellant went over to his neighbor's house. From inside his neighbor's home, he could see the "storm troopers" knocking on his door. Appellant phoned his attorney who told him to "just sit tight and they will go away".
Appellant said he did not know the police had a warrant to arrest him. He did not hear the police say they were there to arrest him. Appellant admitted that Officer Paskin told him there was a valid warrant for his arrest.
The prosecutor's closing statements and briefs stated that when the officers came to serve the warrant on appellant, they saw appellant outside. One of them said, "Hey Paul!" Appellant fled on foot. The police attempted to chase appellant, but appellant's dogs impeded them. The police remained on the scene several hours, but appellant did not appear.
Appellant's brief states that the officers testified that as they approached the house, they saw appellant speaking on the telephone. One of the officers yelled that they needed to speak to appellant. Appellant ran toward the back of the house and disappeared.
 I.
Appellant's first assignment of error states:
 PAUL CLAREN'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WAS DENIED WHEN HE WAS CONVICTED OF AND SENTENCED FOR THE CRIME OF OBSTRUCTING OFFICIAL BUSINESS ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 520; State v. Jenks (1991), 61 Ohio St.3d 259. The elements of obstructing official business are: (1) No person, without privilege to do so, (2) and with purpose to prevent, obstruct or delay the performance of a public official of any authorized act within his official capacity, (3) shall do any act which hampers or impedes a public official in the performance of his lawful duties. R.C. 2921.31.
Appellant asserts that he did not commit any affirmative act which impeded the police officer's performance of their duties. The offense of obstruction of official business requires an affirmative act, not just an omission to act. City of Columbus v.Michel (1978) 55 Ohio App.2d 46, 48; State v. McCrone (1989)63 Ohio App.3d 831, 835. Appellant testified that he saw two men who he did not know were police officers. Then, he went to his neighbor's house. Failing to come out of his neighbor's house was an omission, not an affirmative act.
The prosecution argued that appellant ran away, which was an affirmative act. The testimony of the officers who purportedly testified that appellant ran away was not included in the record before this court. Appellant has the responsibility of providing the reviewing court with record of facts, testimony, and evidentiary matters that are necessary to support appellant's assignments of error, and in absence of a complete record, appellate court must presume regularity in trial court's proceedings. State v. Tillman (1997), 119 Ohio App.3d 449; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. Without a complete transcript, we must presume regularity. We must presume that the record supported the commission of an affirmative act.
Appellant contends that the evidence did not show that appellant's purpose was to prevent the performance of a public official of an: official duty. Appellant testified he did not know the officers had a warrant for his arrest. Appellant admitted that Sergeant Paskin told appellant there was a warrant out for his arrest. There was sufficient evidence from which a reasonable trier of fact could conclude that appellant ran away to avoid an arrest warrant.
Appellant asserts he had a privilege because he did not have to talk to the police about the road rage case. Appellant did not have a privilege to prevent an arrest warrant from being served upon him. Preventing an arrest can be an obstruction of official business. See State v. Jelliffife (1982), 5 Ohio Misc.2d 20;State V. McGonigal (Dec. 20, 1995). Summit App. No. 17200, 17242 unreported.
Appellant has not demonstrated that the evidence was insufficient to support the conviction.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING A FINE IN ADDITION TO SENTENCING PAUL CLAREN TO A TERM OF IMPRISONMENT.
Appellant was sentenced to ninety days in jail, twenty days suspended, five years of probation and a fine of $750.
The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
R.C. 2929.22 (E). Appellant asserts that he did not cause harm to any persons or property and did not commit the offense for hire or gain. The record does not contain a transcript of the sentencing hearing or the entire trial transcript. Without a complete record, we must presume the trial court found that the fine was specially adapted to deterrence or correction of the offender, or one of the other factors set out in R.C. 2929.22 (E). See Tillman, Knapp,supra.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELTACY, J., AND SWEENEY. J., CONCUR.
 ___________________________________ ANN DYKE PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S. Ct. Prac. R. II, Section 2 (A) (1).