

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  40268-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LISA ELAINE CANADAY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Lisa Canaday appeals her conviction for obstructing a law enforcement officer.  She contends that the evidence was insufficient to prove she knowingly hindered or delayed law enforcement in the discharge of their official duties.  Instead, she contends that the evidence only supports a conviction for resisting arrest.  We find the evidence sufficient and affirm.

BACKGROUND

In July 2023, forest fires burned near Lisa Canaday's rural property in Stevens County.  Canaday contacted law enforcement to report that someone had yelled from the woods that they had burned down her house.  She later told Stevens County Sheriff's Deputy Jacob Mellott that she believed the voice belonged to someone named Andy Garcia, although she had not seen him in the area.

While en route to investigate Canaday's report, Deputy Mellott received a dispatch update that Canaday had allegedly pointed a gun at her neighbor. Deputy Thomas Wysocki joined Deputy Mellott to assist with the investigation. The deputies first interviewed the neighbor and another witness before proceeding to Canaday's residence. Upon arrival, they parked in her driveway and activated their emergency lights. Canaday came outside and the deputies questioned her about the incident involving the neighbor. Canaday admitted to a verbal confrontation with the neighbor but denied having a gun.

Based on the investigation, Deputy Mellott determined there was probable cause to arrest Canaday for assault and obstructing. When Deputy Mellott informed Canaday that she was under arrest, she moved toward the door of her residence. Deputy Mellott quickly stepped toward Canaday in an attempt to restrain her and prevent her from entering the home. Canaday tensed her body and resisted his efforts to place her in handcuffs. Deputy Mellott gave her verbal commands to stop resisting and to listen to him.

Deputy Wysocki heard Deputy Mellott tell Canaday she was not free to go and then observed her trying to pull away toward her house. Deputy Wysocki went to assist with placing Canaday in handcuffs. Canaday was actively trying to spin away in an attempt to free her hands and was not following commands.

It took both deputies "[a]pproximately 30 seconds to a minute" to gain control of Canaday and place her in handcuffs.

2

*Procedure*

Canaday was charged with second degree assault with a deadly weapon and obstructing a law enforcement officer. A jury found Canaday guilty of obstructing but found her not guilty of second degree assault.

Canaday appeals the obstructing conviction.

ANALYSIS

Canaday contends that the evidence was insufficient to sustain her obstructing conviction. While acknowledging that the evidence would support a conviction for resisting arrest, she argues that the short delay caused by her actions before deputies handcuffed her is insufficient to support a conviction for obstructing.

A. *Standard of Review and Legal Principles*

"The sufficiency of the evidence is a question of constitutional law that we review de novo." *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). This court's review "is highly deferential to the jury's decision." *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014).

Due process mandates that the State must prove every element of a crime beyond a reasonable doubt to secure a conviction. *State v. Aver*, 109 Wn.2d 303, 310, 745 P.2d 479 (1987); U.S. CONST. amend. XIV; Wash. Const. art. I, § 3. When reviewing a challenge to the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt

beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id*. Additionally, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id*. If evidence is insufficient to prove an element of the crime, the remedy is reversal of the conviction and dismissal of the charge with prejudice. *State v. Smith*, 155 Wn.2d 496, 505-06, 120 P.3d 559 (2005).

"A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020(1).

> "The statute's essential elements are (1) that the action or inaction in fact hinders, delays, or obstructs; (2) that the hindrance, delay, or obstruction be of a public servant in the midst of discharging [their] official powers or duties; (3) knowledge by the defendant that the public servant is discharging [their] duties; and (4) that the action or inaction be done knowingly by the obstructor."

*State v. Contreras*, 92 Wn. App. 307, 315-16, 966 P.2d 915 (1998) (quoting *State v. CLR*, 40 Wn. App. 839, 841-42, 700 P.2d 1195 (1985)).

### B. Analysis

As an initial note, Canaday does not specifically challenge the sufficiency of the evidence on any of the above listed elements. Rather, her primary argument is that the delay, of less than one minute, in placing her in handcuffs is legally insufficient to

support her conviction. We discern this argument to challenge only the first element of obstruction. Accordingly, we address that element alone.

### i. *Actual hindrance, delay, or obstruction*

This court has upheld obstructing convictions based on brief delays where a defendant's conduct interfered with an officer's duties to effect an arrest. *State v. Canfield*, 13 Wn. App. 2d 410, 417-19, 463 P.3d 755 (2020). In *Canfield*, this court affirmed an obstructing conviction where the defendant feigned sleep, disregarded several commands, and resisted being handcuffed after officers advised him that he was under arrest. *Id*. at 413, 418-19. We concluded that even "passive resistance," including refusing commands and feigning sleep, could amount to obstructing law enforcement when it hinders the completion of an arrest. *Id*. at 418.

Here, Canaday's resistance was more than passive. The deputies testified that she physically resisted arrest by tensing her body, pulling away, spinning, and refusing commands. It took "approximately 30 seconds to a minute" to subdue her and apply handcuffs. Rep. of Proc. at 97. Viewed in the light most favorable to the State, this evidence supports the conclusion that Canaday delayed her arrest and hindered the deputies in the performance of their duties.

Canaday attempts to analogize her conduct to the facts in *State v. D.E.D.*, 200 Wn. App. 484, 402 P.3d 851 (2017). There, the defendant was convicted of obstructing after passively resisting an investigatory detention. *Id*. at 487-88. On appeal this court

5

reversed, concluding that passive resistance to an investigatory detention was another form of declining to cooperate, which was not criminal behavior. *Id*. at 494-96. However, "we caution[ed] against extending our narrow holding, which is simply that resisting handcuffing when a suspect is not under arrest does not constitute obstructing a law enforcement officer." *Id*. at 496.

Canaday's reliance on *D.E.D.* is misplaced. Unlike the defendant in that case, Canaday was under arrest when she resisted, and her resistance was physical. Moreover, Canaday fails to acknowledge this court's more recent decision in *Canfield*, 13 Wn. App. 2d 410, which controls the outcome here.

Canaday also likens her case to *State v. Scheinost*, No. 55334-1-II, slip op. at 1 (Wash. Ct. App. Mar. 8, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2055334-1-II%20Unpublished%20Opinion.pdf, where this court reversed an obstruction conviction of a defendant who briefly fled from an attempted *Terry*[1] stop, but was caught within 20 feet of the initial stop. This court concluded that the delay was too minimal to establish obstruction. Slip op. at 6. Canaday's comparison fails for two reasons. First, *Scheinost* is unpublished and does not bind this court. *See* GR 14.1. Even if *Scheinost* were binding, it would not control the outcome in this case. *Scheinost* did not involve physical resistance to an ongoing arrest.

---

[1] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

### ii. Canaday's legislative intent argument fails

Canaday also argues that the evidence is insufficient to support an obstructing conviction because the obstructing statute does not apply to post-arrest delays. Instead, she contends that "[t]he legislature intended post-arrest resistance to be charged under the resisting statute[2] by differentiating between the two crimes." Appellant's Br. at 6-7. This argument fails for two reasons.

First, Canaday cites no authority to support her argument that a charge of resisting is the exclusive charge available for post-arrest delays. Where no authority for an assertion is made, we may presume none exists. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

In addition, Canaday does not explain why her conduct should be classified as "post-arrest" resistance. She offers no legal standard for determining when an arrest is complete and provides no meaningful analysis of why her resistance occurred after the arrest had been effectuated. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998).

---

[2] Under RCW 9A.76.040(1), "A person is guilty of resisting arrest if he or she intentionally prevents or attempts to prevent a peace officer from lawfully arresting him or her."

No. 40268-1-III
*State v. Canaday*

We conclude that Canaday's conviction for obstruction was supported by sufficient evidence.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Murphy, J.

8