338 So.2d 269 (1976)
David Mark SCHACHTER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 76-438.
District Court of Appeal of Florida, Third District.
October 19, 1976.
Phillip A. Hubbart, Public Defender, and Elliott H. Scherker, Asst. Public Defender, for petitioner.
Richard E. Gerstein, State Atty., and John P. Durant, Asst. State Atty., for respondent.
*270 Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant, David Schachter, by petition for writ of certiorari seeks to review the affirmance by the circuit court (sitting in its appellate capacity) of his conviction for reckless driving. Petitioner contends that the trial court was without jurisdiction to try him because he had been arrested for traffic violations by a municipal police officer outside of his jurisdiction. We find this point has merit.
The arresting officer, Charles Magil, a City of North Miami Beach policeman, was off duty, dressed in civilian clothes and driving his own car when he observed the defendant making a right turn on red without coming to a complete stop at a traffic light. This violation and other violations committed by the defendant during the ensuing chase took place within the North Miami city limits. Magil's actions can only be sustained as the actions of a private citizen who has the right to arrest a person who commits a felony in his presence (i.e. in this case, a breach of the peace). See Section 316.016(3)(a), Florida Statutes (1975) and State v. Crum, 323 So.2d 673 (Fla.3d DCA 1975). Defendant's initial traffic infraction in no way constituted a felony[1] and the arrest by Magil was invalid as a private citizen. Therefore, the trial court was without jurisdiction to try the defendant.
Certiorari is granted, the order of affirmance is quashed and the cause is remanded with directions to dismiss this action against the defendant and to have him adjudicated not guilty.
So ordered.
NOTES
[1] City of St. Petersburg v. Calbeck, 114 So.2d 316 (Fla.2d DCA 1959).