Robert Walter MOLAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–604.

Court of Criminal Appeals of Oklahoma.

July 11, 1980.

David W. Carter, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Robert Walter Molan, defendant, was convicted of Robbery With Firearms in the District Court of Comanche County, Case No. CRF–78–670. Punishment was fixed at nine (9) years' imprisonment. The only questions raised on appeal relate to the defendant's arrest, which he argues was illegal. We affirm.

On June 21, 1978, a robbery was committed outside the city limits of Medicine Park, Oklahoma. Because it was the closest law enforcement agency, the Police Department in Medicine Park was called, and the police chief and an officer went to investigate the robbery. After a few questions at the scene of the crime, the two officers, the victim and an eyewitness went in search of the robbers. (The witness had supplied a description and the license tag number of the felons' vehicle.) They found the automobile they were seeking at a campground in the Wichita Mountains Federal Wildlife Refuge. Three men were walking away from the vehicle. After calling the Comanche County Sheriff's Department, the Medicine Park Police Chief arrested the three men. A few minutes later, a Comanche County Deputy arrived and rearrested the three men.

■ In his first assignment of error, the defendant contends that his detention by the Medicine Park Police Chief was an illegal arrest. The State concedes that the Chief was outside his jurisdiction, but argues that he was in fresh pursuit of a felon, which would legitimate the arrest. However, the idea of fresh pursuit requires that an officer begin the chase in his or her own jurisdiction and continue it until the person is caught. In the present case, the crime, as well as the arrest, occurred outside the jurisdiction of the Medicine Park officers. So fresh pursuit will not justify the arrest.

■ Nevertheless, this Court holds that the arrest was justified. Title 22 O.S.1971, § 202, provides that a private person may make an arrest when a felony has been committed and when the person making the arrest has reasonable cause to believe that the person arrested committed that crime. This Court has held that a law enforcement officer outside his jurisdiction may make a citizen's arrest. *Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951). Title 22 O.S.1971, § 205, requires that a private citizen making an arrest must either take the person arrested before a magistrate or deliver him to a peace officer; and that is what happened in the present case. The Medicine Park officers, acting as responsible private citizens, searched for and found those persons who, as they had probable cause to believe, had committed the armed robbery. They immediately summoned the county sheriff and detained the men until a deputy arrived. Everything that happened was in accordance with statute.

Since all the occupants of the car were arrested, the deputy sheriff ordered the car impounded and inventoried its contents. The defendant, arguing from the assumption that his arrest was illegal, contends that the inventory constituted an illegal search. But since the arrest was legal, this second assignment of error is without foundation.

The judgment and sentence are accordingly *AFFIRMED*. For a discussion of the State's jurisdiction over the Wichita Mountains Wildlife Refuge, see *State v. Cline*, Okl.Cr., 322 P.2d 208 (1958).

CORNISH, P. J., concurs.

BRETT, J., concurs in results.