Mr. Daniel A. Moriarty City Attorney City of Bushnell 321 N. Market Street Post Office Box 699 Bushnell, Florida 33513
Dear Mr. Moriarty:
This is in response to your request for an opinion on substantially the following questions:
 1. WHETHER THE CITY OF BUSHNELL POLICE DEPARTMENT AND THE SUMTER COUNTY SHERIFF'S OFFICE HAVE CONCURRENT JURISDICTION TO ENFORCE THE TRAFFIC LAWS OF THE STATE ON EACH OF THE FOLLOWING CATEGORIES OF ROADWAYS:
a. ROADWAYS CONTIGUOUS TO BUT NOT WITHIN THE CITY LIMITS.
b. COUNTY ROADWAYS WITHIN THE CITY LIMITS.
 c. ROADWAYS ONE-HALF THE WIDTH OF WHICH ARE WITHIN THE CITY LIMITS AND ONE-HALF WITHOUT.
 2. WHETHER THE CITY OF BUSHNELL MAY ENTER INTO AN INTERLOCAL AGREEMENT WITH THE SHERIFF OF SUMTER COUNTY PROVIDING FOR CONCURRENT TRAFFIC ENFORCEMENT JURISDICTION OVER ROADWAYS WITHIN THE CATEGORIES LISTED ABOVE PURSUANT TO s 163.01, F.S.
QUESTION ONE
Section 316.640, F.S., vests enforcement of the traffic laws of this state with respect to counties and municipalities as follows:
(2) COUNTIES. —
 (a) The sheriff's office of each of the several counties of this state shall enforce all of the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the county wherever the public has the right to travel by motor vehicle.
* * *
(3) MUNICIPALITIES. —
 (a) The police department of each chartered municipality shall enforce the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle. However, nothing in this chapter shall affect any law, general, special, or otherwise, in effect on January 1, 1972, relating to "hot pursuit" without the boundaries of the municipality. (e.s.)
Therefore, with respect to the three categories of roadways you describe, the sheriff's office of Sumter County is vested by s316.640(2), F.S., with jurisdiction to enforce the traffic laws of the state on all such roadways within Sumter County, including those roadways lying partially or wholly within the corporate limits of the City of Bushnell. Compare, AGO 76-19 concluding in relevant part that a sheriff may enforce Ch. 316, F.S., throughout the county. However, inasmuch as the police department of the City of Bushnell is vested by s 316.640(3), F.S., with jurisdiction to enforce state traffic laws only on the streets and highways of the municipality and elsewhere throughout the municipality where the public has the right to travel by motor vehicle, the police department has no jurisdiction to enforce such laws outside the municipal boundaries. Attorney General Opinion 74-222. Cf., AGO's 80-100 (no municipal police jurisdiction over federal highway/state road contiguous to but not within the corporate limits of the city) and 81-41 (municipal police jurisdiction on federal highways/state roads within municipal borders). A municipal police officer outside his jurisdiction has no right to arrest a person for a traffic infraction. Schachter v. State,338 So.2d 269 (3 D.C.A.Fla., 1976). Cf., State v. Williams,303 So.2d 74 (3 D.C.A.Fla., 1974), case dismissed,314 So.2d 591 (Fla. 1975), holding that a municipal police officer is specifically authorized to enforce the traffic laws "within the confines of a municipality."
Therefore, with respect to the categories of roadways you inquire about, I conclude that the police department of the City of Bushnell has statutory authority to enforce the traffic laws of the state only on county roadways lying within the city limits and on the portions of those roadways, one-half the width of which are within the city limits and one-half without, which are within the city limits. Thus, the city police department and the sheriff's office of the county have concurrent jurisdiction to enforce the traffic laws only on such streets and highways or those portions thereof as are located within the corporate limits of the city.
QUESTION TWO
Section 163.01, F.S., the Florida Interlocal Cooperation Act of 1969, permits any "public agency" of the state to enter into an interlocal agreement with any other public agency of that state for the purpose of exercising jointly "any power, privilege, or authority which such agencies share in common and which each might exercise separately." Section 163.01(4), F.S. The city and the county sheriff are "public agenc[ies]" within the purview of s163.01. See, s 163.01(3)(b), F.S. However, no interlocal agreement entered into pursuant to s 163.01(4) may confer any greater or additional power, privilege, or authority than is possessed by each of the contracting agencies or permit the exercise of powers not shared in common and not separately exercisable by each such agency. See, AGO's 77-15 and 77-16. Compare, AGO 74-220.
Since subsections (2) and (3) of s 316.640, F.S., vest concurrent power to enforce the traffic control law on all streets or highways or portions thereof located within the territorial boundaries of the city in the sheriff's office and the city police department, no legal purpose would be served by the city or the sheriff entering into an interlocal agreement providing for concurrent traffic enforcement jurisdiction over any roadway or portion thereof located within the municipality's corporate limits. As to any roadways or portions thereof lying outside the corporate limits of the city, the city or its police department is without power to enforce the traffic control law. See, AGO's 74-222, 80-100; Schachter v. State, supra. The exercise of any power extraterritorially by the city must be authorized by general or special law. See, s 2(c), Art. VIII, State Const.; s166.021(3)(a), F.S.; AGO 75-156. No such general or special law has been drawn to my attention. Therefore, as to any roadways or portions thereof located outside the city limits, the city is not vested with and does not share "any power, privilege or authority" with the county or the office of the county sheriff and is not authorized by law to enter into an interlocal agreement with the sheriff for the enforcement of the traffic control law.
Accordingly, it is my opinion that:
 (1) The Police Department of the City of Bushnell has statutory authority to enforce the traffic control law of the state only on such streets and highways or those portions thereof as are located within the corporate limits of the city, but the sheriff's office is vested with jurisdiction to enforce the traffic control law throughout the county, including the streets and highways lying partially or wholly within the city limits.
 (2) As to any street, highway or roadway or portion thereof lying outside the corporate limits of the city, the city is not vested with and does not share any power with the county or the office of the county sheriff and is not authorized by law to enter into an interlocal agreement with the sheriff for the enforcement of the traffic control law.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General