William T. FORD, Appellant,

v.

STATE of Alaska, Appellee.

No. A–496.

Court of Appeals of Alaska.

May 17, 1985.

William T. Ford, Anchorage, in pro. per.

Claire Steffens, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

William T. Ford appeals the denial of his motion to dismiss on a charge of driving with license revoked. AS 28.15.291. He argues that an investigative stop of his vehicle was illegal, and that his arrest was illegal because the offense did not occur in an officer's presence. We affirm.

On July 19, 1983, at 6:30 p.m., Rodney Zieger, a private security guard, was on duty at Peterson Towers, an office building in downtown Anchorage. Zieger recognized Ford entering a red Honda in a parking lot across the street. Zieger knew that Ford had previously been arrested for driving while intoxicated and that his license had been revoked. Apparently, Zieger had obtained this information in connection with his duties as a student state trooper.

Zieger called the state trooper dispatcher after Ford had driven away. After identifying himself, Zieger told the dispatcher that Ford had just left the parking lot at 5th Avenue and K Street. Zieger volunteered that he believed Ford's license had been revoked and that Ford was possi-

bly driving to his house on O'Malley Road. Zieger gave a description of the car and the license plate number; he did not describe Ford physically, but stated that Ford was the only occupant of the car.

At 6:40 p.m., the dispatcher called Trooper Wheeler, who was on routine patrol in the south Anchorage area which included O'Malley Road. The dispatcher told Wheeler that Zieger had called to report that Ford was operating a red Honda with a certain license plate number and that Zieger believed that Ford's license had been suspended.[1] A computer check revealed that Ford's license had been revoked. Wheeler received this information fifteen minutes before he saw Ford. At 7:10 p.m., Wheeler observed Ford eastbound on O'Malley Road. Although Wheeler did not know what Ford looked like, he had been told by a trooper who did know Ford that he was an "elderly, white male."

Wheeler saw that there was one person in the car and that the license plate number matched the number he had been given. Wheeler admitted, however, that there was nothing unusual about Ford's driving. Wheeler stopped Ford and arrested him for driving with his license revoked.

Ford moved to dismiss the charge, arguing that both the stop and the ensuing arrest were illegal. The motion was denied. Ford entered a no contest plea to driving with his license revoked; pursuant to *Oveson v. Anchorage*, 574 P.2d 801 (Alaska 1978), and *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974), he preserved his right to bring this appeal.

 We do not reach Ford's argument that the investigative stop of his vehicle was made without reasonable suspicion. *See Coleman v. State*, 553 P.2d 40 (Alaska 1976); *Metzker v. State*, 658 P.2d 147 (Alaska App.1983). No "investigative" stop occurred: Ford was stopped so that Trooper Wheeler could effectuate an arrest, not because Wheeler needed to investigate anything.

We conclude that Ford's arrest was based on probable cause and that the crime of driving with a revoked license occurred in Trooper Wheeler's presence. *See* AS 12.25.030(a)(1). Ford disputes the probable cause determination by arguing that Wheeler did not have an adequate physical description of Ford to make an arrest. We note, however, that Trooper Wheeler was not required to know to an absolute certainty that Ford was driving the car in order for probable cause to exist. *See McCoy v. State*, 491 P.2d 127 (Alaska 1971); *Dunn v. State*, 653 P.2d 1071 (Alaska App.1982).

Ford's conviction is AFFIRMED.

---

1. Wheeler testified that he had known Zieger  for about three years.