STATE of Alaska, Petitioner,

v.

Warren BURKE, Respondent.

No. A–908.

Court of Appeals of Alaska.

Feb. 14, 1986.

Michael S. McLaughlin, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for petitioner.

Michael J. Wall, Asst. Public Defender, Kodiak, and Dana Fabe, Public Defender, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On December 3, 1984, Warren Burke was arrested for driving while intoxicated (DWI), AS 28.35.030, by Kodiak Police Officer Barry R. Paris. Burke moved to suppress all evidence seized as a result of his arrest. Magistrate Dennis L. Nelson granted the motion, and the state petitioned for review of the magistrate's order. We granted the petition, and we now reverse.

Burke and the state entered into the following stipulation regarding the facts surrounding Burke's arrest for purposes of the motion:

1. Approximately 04:06 hours on December 3, 1984, Kodiak City Police Officer Barry R. Paris was sitting patrol alongside the roadway on West Rezanof Drive within the city limits of Kodiak;

2. Officer Paris has no special grant of authority from any other state, federal or municipal agency expanding his police powers beyond those conferred upon him under State and/or municipal laws and ordinances;

3. While sitting patrol Officer Paris observed a 1978 Ford pickup go by southbound. He pulled behind the vehicle to follow it;

4. Outside city limits Officer Paris observed the truck fishtail on the icy pavement and weave across the centerline and fogline several times; in the area of the Buskin Beach State Park he checked his speedometer and estimated the Ford's speed at approximately 70 m.p.h.;

5. Officer Paris activated his overhead lights in the area of the Buskin River Bridge and effected a traffic stop on the vehicle in the area of the airport;

6. The driver of the Ford pickup was the defendant who was subsequently given field sobriety tests by Officer Paris and ultimately arrested for Driving while intoxicated;

7. No traffic violations occurred within the Kodiak municipal limits; any weaving, sliding or speeding occurred outside the territorial boundaries of the City of Kodiak;

8. The defendant was stopped for speeding and erratic driving.

Burke was taken to the Kodiak police station following the arrest. A breath test administered there yielded a result of .127.

In his motion, Burke argued that Paris had no authority, either as a police officer or as a private citizen, to make the arrest. The state argued that in Alaska all law enforcement officers are authorized to make arrests for violations of Title 28, and that, alternatively, Paris' arrest of Burke could also be viewed as a lawful citizen's arrest.

Magistrate Nelson adopted the stipulation of the parties, in its entirety, as his findings of fact. His conclusions of law were as follows:

1. The court has jurisdiction over the parties and the subject matter herein.

2. The "fresh pursuit" doctrine is not applicable to this case.

3. Corporal Paris had no authority as a City of Kodiak Police Officer to stop or arrest the defendant for an offense occurring outside the city limits.

4. Corporal Paris stopped the defendant under "color of office" and, therefore, under the facts of this case, any

evidence gathered by Corporal Paris subsequent to the stop should be suppressed as such activity is in violation of the defendant's constitutional rights, even though Corporal Paris may have been acting as a private citizen. U.S. Const. amend. IV; Alaska Const. art. 1, § 14.

5. A private person does not have legal authority to stop or arrest a defendant for speeding and erratic driving because speeding and erratic driving are not crimes by definition. AS 28.50.-050(e)(d) [sic]. *Schachter v. State*, 338 So.2d 269 (Fla.Dist.Ct.App.1976).

6. All evidence gathered by the prosecution subsequent to the stopping of the defendant's vehicle should be suppressed.

In its petition, the state renews its arguments. Burke relies on the memoranda filed in district court and his response to the petition filed in this court. *See* Alaska R.App.P. 217(f). We are persuaded that the magistrate erred in concluding that Paris had no authority as a police officer to stop Burke's vehicle outside the Kodiak city limits.

▬▬ At common law, municipal and county officers generally had no power to make warrantless arrests outside the territorial limits of the political entity which appointed them to their office. *See People v. Marino*, 80 Ill.App.3d 657, 36 Ill.Dec. 71, 74, 400 N.E.2d 491, 494 (1980). An exception has been recognized by courts, and given effect by statute in many jurisdictions, for actions taken by an officer in fresh pursuit of a person who has committed an offense within the territorial limits. As the magistrate noted, this exception is not applicable to the stop and arrest of Burke. However, the state argues that AS 28.35.225 abrogates the common law in this area.[1] That statute provides:

> *Enforcement.* All law enforcement officers in this state and employees of the department designated by the commissioner shall enforce this title and regula-

tions adopted under this title. The state troopers shall advise and instruct all other law enforcement officers in the state concerning the requirements of this title and regulations adopted under this title.

The term "law enforcement officer" is not defined in Title 28. The state argues that the context in which the term is used in AS 28.35.225 clearly indicates that it has a broad scope, encompassing police officers employed by municipalities and other local governmental units. The state directs our attention to AS 01.10.060(6), which defines the similar term "peace officer" as

> any officer of the state troopers, members of the police force of any incorporated city or borough, United States marshals and their deputies, and other officers whose duty it is to enforce and preserve the public peace.

We agree that any member of the police force of an incorporated city or borough is a "law enforcement officer" for purposes of AS 28.35.225.

The state further argues that AS 28.35.-225 authorizes all "law enforcement officers" to stop any vehicle whose driver has committed a statewide traffic offense in the officer's presence, regardless not only of whether the offense was committed within the territorial limits of the jurisdiction which employed the officer, but also of whether the vehicle is in the territorial limits at the time the officer decides to make the stop. The statute is clearly a grant of authority. The state argued below that in the absence of any territorial limitations on the face of the statute, this grant of authority must be given its broadest scope. The state also argued that the absence of a "fresh pursuit" statute in Alaska supports its position: if the statute is read as the state suggests, there is no need for a "fresh pursuit" statute. Conversely, if the legislature had intended the statute to have a more narrow application, a "fresh pursuit" statute *would* have been necessary.

---

1. Alaska Statute 01.10.010 provides that the common law is "the rule of decision in this state" except where it is inconsistent with the state or federal constitution or a law passed by the legislature.

We have not found guidance in the legislative history of AS 28.35.225 as to the legislature's intent on this question. Burke has offered us little authority for his position, beyond reiterating the general rule that police officers in this situation do not have authority, *qua* police officers, to make a stop. *See, e.g., State v. MacDonald,* 260 N.W.2d 626 (S.D.1977) (validating officer's action as citizen's arrest for felony committed in his presence); *Molan v. State,* 614 P.2d 79 (Okla.Crim.App.1980) (to the same effect). *But see State v. Wallace,* 50 Ohio App.2d 78, 361 N.E.2d 516 (1976) (refusing to interpret a similar statute to authorize an extraterritorial arrest). In the absence of evidence that the legislature intended the contrary, we agree with the state that the statute should be given a common sense reading. *See Belarde v. Anchorage,* 634 P.2d 567, 568–69 (Alaska App.1981). Since Burke committed at least one violation of Title 28 or regulations adopted under that title[2] in Paris' presence, we hold that Paris was authorized by state law to stop Burke, even though Paris had no reason to believe that Burke had violated either state law or a Kodiak ordinance while inside the City of Kodiak.

Once it is determined that the stop was lawful, there can be no doubt that the arrest of Burke was also lawful. Burke did not argue below that, when the arrest was made, Paris did not have probable cause to believe that Burke had been driving while intoxicated. Alaska Statute 12.-25.030 authorizes peace officers to make arrests without warrants for crimes committed in their presence. Burke clearly committed the offense of DWI in Paris' presence. *See Ford v. State,* 699 P.2d 889 (Alaska App.1985). Moreover, AS 12.25.-033 authorizes peace officers to make warrantless arrests when they have probable cause to believe a person has committed DWI, whether the offense was committed in the officer's presence or not.

Since neither the stop nor the arrest of Burke was unlawful, the magistrate erred in suppressing all evidence seized as a result of the stop and arrest. His decision is REVERSED.

BRYNER, C.J., dissents.

BRYNER, Chief Judge, dissenting.

I would affirm the decision of the magistrate. The majority's reading of AS 28.35.-225 is problematical. The obvious purpose of the statute seems to be to confer upon local law enforcement officers the authority to arrest for and otherwise enforce against state traffic violations that occur within the territorial limits of their local governmental subdivisions. In my view, the meaning of this statute is reasonably clear on its face and does not require interpretation. *See Anchorage v. Lloyd,* 679 P.2d 486 (Alaska App.1984).

The interpretation of AS 28.35.225 adopted by the majority of the court departs from the established traditions of the common law and from the sound authority of decisional law. *See, e.g., People v. Marino,* 80 Ill.App.3d 657, 36 Ill.Dec. 71, 400 N.E.2d 491 (1980); *Schachter v. State,* 338 So.2d 269 (Fla.App.1976); *State v. MacDonald,* 260 N.W.2d 626 (S.D.1977); *Molan v. State,* 614 P.2d 79 (Okla.Crim.App.1980). Absent a clear and unequivocal statutory grant of authority permitting local law enforcement officers to patrol and arrest extraterritorially, I do not believe expansion of the common law rule to be justified. I therefore dissent.

---

**2.** Burke was stopped for speeding and erratic driving. The speeding was clearly an infraction. *See* 13 Alaska Admin. Code § 02.275(a) and (b)(4), adopted pursuant to AS 28.05.011(1); AS 28.40.050(c) (violation of a regulation adopted under Title 28 is an infraction); *see also Ferrell v. Baxter,* 484 P.2d 250, 257 (Alaska 1971) (violation of a statewide administrative traffic regulation adopted pursuant to statutory authority must be equated with a violation of a traffic statute itself). Burke's conduct, as observed by Paris, probably also amounted to negligent driving, another infraction. *See* AS 28.-35.045. While the magistrate was correct that these were not "crimes," *see* AS 28.40.050(d), they were violations of Title 28.