**James W. CLARK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1840.**

Court of Appeals of Alaska.

June 26, 1987.

William A. Davies, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Alan J. Hooper, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Fairbanks Airport Police Officer David Atkins arrested James Clark for driving while intoxicated (DWI). AS 28.35.030. The arrest occurred beyond the airport's boundaries. An Intoximeter test indicated that Clark's blood contained .130 percent alcohol. Clark moved to suppress all evidence of the traffic stop, arrest, and Intoximeter results. District Court Judge Christopher E. Zimmerman denied the motion. Clark pled no contest and preserved his right to appeal based on *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974) and *Oveson v. Anchorage*, 574 P.2d 801 (Alaska 1978). On appeal, Clark argues that the airport security police do not have authority to

make stops and arrests for state traffic offenses committed outside the airport's territorial limits. He also maintains that there was no reasonable suspicion to effect the traffic stop underlying his arrest. We find no error and affirm Clark's conviction.

At approximately 4:30 a.m., on July 10, 1986, Officer Atkins was proceeding eastbound on Airport Way in a marked patrol vehicle, approaching University Avenue. He was outside the airport jurisdiction on a personal errand. Atkins observed Clark's vehicle slide twelve to fifteen feet to a stop on the loose gravel at the intersection. Clark's vehicle then turned and proceeded at twenty-five miles per hour in a forty-five mile per hour zone. Atkins believed that Clark had observed the patrol car, and had reacted abnormally by slamming on the brakes, causing his car to slide to a stop. Atkins reasoned that the early morning hour, the slide, and the slow driving indicated an intoxicated driver. Atkins pulled Clark over and subsequently arrested him.

■ Judge Zimmerman denied Clark's motions to suppress. He found that Atkins was a certified police officer but that Atkins was outside his normal patrol when he observed Clark. However, the judge held that under *State v. Burke*, 714 P.2d 374 (Alaska App.1986), an airport police officer has jurisdiction to enforce traffic laws outside of the airport. The court also concluded that Atkins had articulated a reasonable basis for his suspicion, justifying the traffic stop.

Alaska Statute 28.35.225 provides:

All law enforcement officers in this state and employees of the department designated by the commissioner shall enforce this title and regulations adopted under this title. The state troopers shall advise and instruct all other law enforcement officers in the state concerning the requirements of this title and regulations adopted under this title.

In *Burke* we concluded that, by this statute, the legislature intended to confer on all law enforcement officers the authority to enforce violations of Title 28, and regulations promulgated under Title 28, throughout the state if the violation occurred in the officer's presence. Thus, a law enforcement officer is authorized to enforce Title 28 beyond the territorial limits of the jurisdiction which employed the officer. 714 P.2d at 376–77. The instant case raises the question of whether an airport police officer is a law enforcement officer for purposes of AS 28.35.225.

In *Burke* we relied on AS 01.10.060(6) which defines "peace officer" as "any officer of the state troopers, members of the police force of any incorporated city or borough, United States marshals and their deputies, and other officers whose duty it is to enforce and preserve the public peace." 714 P.2d at 376. The term "police officer" is defined in AS 18.65.290(3) as:

a full-time employee of the state or a local police department with the authority to arrest and issue citations; detain a person taken into custody until that person can be arraigned before a judge or magistrate; conduct investigations of violations and enforce criminal laws, regulations and traffic laws; search with or without a warrant persons, dwellings, and other forms of property for evidence of a crime; carry a concealed weapon; and take other action consistent with exercise of these enumerated powers when necessary to maintain the public peace.

■ These definitions are helpful in defining "law enforcement officer" as used in AS 28.35.225. If anything, the term "law enforcement officer" is broader than "peace officer" or "police officer." It does not appear to be contested that airport police officers have general police powers on airport property.[1] Airport police officers therefore appear to be law enforce-

---

1. AS 02.15.230 provides in pertinent part:
   *Police Powers Vested.* (a) The commissioner and those officers and employees of the department who the commissioner may designate have *general police powers* in aid of the enforcement of this chapter, and the regulations and orders issued under it and all other

laws of the state relating to aeronautics. [Emphasis added.]
AS 02.15.060 provides in pertinent part: "The department may ... *protect and police airports* and air navigation facilities within the state." (Emphasis added).

ment officers within the definition of AS 28.35.225. We accordingly conclude that an airport police officer is a law enforcement officer who has the authority to enforce the provisions of Title 28 throughout the state. We find that Judge Zimmerman did not err in concluding that Atkins had authority to stop Clark.

Clark also argues that Judge Zimmerman erred in finding that Atkins had sufficient information to form a reasonable suspicion that Clark was DWI. *See State v. Moran*, 667 P.2d 734 (Alaska App.1983). Given Atkins' testimony concerning the hour of the night and his observations of Clark's erratic driving, we conclude that Judge Zimmerman was not clearly erroneous in finding that there was sufficient information for Atkins to form a reason-able suspicion that Clark was DWI. *Chilton v. State*, 611 P.2d 53, 55 (Alaska 1980).

The conviction is AFFIRMED.

BRYNER, Chief Judge, concurring.

Although I continue to adhere to the views I expressed in *State v. Burke*, 714 P.2d 374 (Alaska App.1986) (Bryner, C.J., dissenting), I accept that decision as *stare decisis* and therefore concur in the court's decision of the present case.