Lloyd Mancil NICKELL, Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F-85-293.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1987.

1.

Jack L. Shears, Shears and Shears, Ponca City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Lloyd Mancil Nickell, appellant, was tried by jury and convicted of Larceny of Gasoline [21 O.S.Supp.1982, § 1722], in Case No. CRF–83–248, in the District Court of Kay County, the Honorable Lowell Doggett, District Judge, presiding. The jury set punishment at one (1) year imprisonment and a $7,500.00 fine. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

At approximately 4:00 a.m. on October 14, 1983, Lieutenant Jim Peugh of the Blackwell, Oklahoma, police department made a routine security check at the Nickerson Farms truck stop, which is located about five miles south of the Blackwell city limits. Lt. Peugh observed only one vehicle parked on the lot, a tractor and a moving van semi-trailer. The officer previously had been alerted that a similar type of vehicle was involved in gasoline thefts from local truck stops. Seeing the moving van parked directly over the gasoline storage tanks, Lt. Peugh slowly drove past the

apparently unoccupied trailer and smelled the strong odor of gasoline. Lt. Peugh then left the lot, drove to a point out of sight, and radioed the Kay County sheriff dispatcher, requesting that a deputy contact him. Lt. Peugh next turned off his lights and drove to an interstate overpass and parked, where he could observe the Nickerson Farms parking lot.

Deputy Sheriff John Hobbs radioed Lt. Peugh, who advised the Deputy that two men had appeared and were departing in the tractor-trailer from Nickerson Farms. Deputy Hobbs requested that Lt. Peugh check the gasoline storage tanks and determine if they were still locked. Lt. Peugh complied and saw that the locks were missing from two storage tank tops and that one storage tank cap was missing. Deputy Hobbs then directed Lt. Peugh to pursue the vehicle, stop it, and hold the occupants until the deputy's arrival. The officer stopped the vehicle on the interstate while still within Kay county and surrendered the appellant into the custody of Deputy Hobbs. The appellant was transported to the nearest holding facility, the Tonkawa city jail, at the direction of Deputy Hobbs, who further ordered that the tractor-trailer be impounded.

Deputy Hobbs subsequently obtained a search warrant for the tractor-trailer, and the search revealed that the moving van was equipped with two gasoline storage tanks, one with a capacity of 1,000 gallons, the other with a capacity of 3,000 gallons. The manager of Nickerson Farms determined that about 600 gallons of regular gasoline and 3,000 gallons of unleaded gasoline were stolen from his tanks, which corresponded with the amount of fuel found in the tanks located within the trailer. Additionally, the search of the trailer revealed a trap door in the floor of the trailer, boltcutters, various quick release hoses, and a pump. Walkie talkies were found in both the tractor and the trailer.

The appellant raises three assignments of error. The first assignment of error begs the question resolved in the second assignment of error. We, therefore, reassign the appellant's propositions of error for the convenience of the Court.

For his first assignment of error, the appellant asserts that his arrest was unlawful because it was made outside the arresting officer's jurisdiction, and since the search warrant arose from an unlawful arrest, the evidence obtained should have been suppressed at trial. We disagree. We initially observe that an allegedly illegal arrest does not affect the jurisdiction of a court. *Simmons v. State*, 725 P.2d 309, 310 (Okla.Crim.App.1986). Furthermore, the arrest made by Lt. Peugh while outside his jurisdiction was lawful under either of two alternative theories.

First, 19 O.S.1981, § 516, authorizes every sheriff, under-sheriff and deputy to call to their aid persons they deem necessary to apprehend or secure any person for a felony or breach of the peace committed in the county. Title 19 O.S. 1981, § 548, authorizes a deputy sheriff to deputize any person to do a particular act. Under Section 548, a sheriff may deputize a person for one act or one incident only and upon completion of the act, the power of the deputized person terminates. *Smith v. State*, 510 P.2d 962, 964 (Okla.Crim.App. 1973). Here, the Blackwell police officer acted at the direction, and under the authority, of the Kay County Deputy Sheriff to apprehend and secure the perpetrator of a felony committed in Kay County. Lt. Peugh was thus deputized into the Kay County Sheriff's department. The appellant was stopped and arrested while still in Kay County and surrendered into the custody of a Kay County Deputy Sheriff. We find the arrest lawful.

In the alternative, and temporarily setting aside the deputization of the Blackwell police officer by the Kay County Deputy Sheriff, a police officer who witnesses a public offense committed outside his jurisdiction may make a citizen's arrest. *See* 22 O.S.1981, § 202. *Molan v. State*, 614 P.2d 79, 80 (Okla.Crim.App.1980); *Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951). *See generally* 34 A.L.R. 4th 328 (1984). A private person, or a police officer acting as a private person, who makes a

citizen's arrest must, without unnecessary delay, take the arrestee before a magistrate or deliver him to a peace officer. *See* 22 O.S.1981, § 205; *Molan, supra,* at 80. Here, the Blackwell police officer witnessed a felony committed outside his jurisdiction. Acting as a private citizen the officer pursued and arrested the appellant and turned him over to a peace officer who had jurisdiction to arrest the appellant anywhere within Kay County. Everything Lt. Peugh did was in accordance with Sections 202 and 205.

Finally, the appellant argues that the fruits obtained as a result of the search warrant should have been suppressed because the warrant arose from an illegal arrest. We find the appellant's arrest lawful under either the deputization theory or the citizen's arrest theory. After reviewing both the affidavit offered in support of the warrant and the search warrant itself, we find the warrant amply supported by probable cause. The appellant's first assignment of error is without merit.

■ For his second assignment of error, the appellant asserts that, when the prosecutor "confessed" to appellant's motion for a new trial, the prosecutor admitted the arrest was illegal. No transcript of this proceeding is provided, and this issue is not properly preserved for appellate review. *Cardenas v. State,* 695 P.2d 876, 878 (Okla.Crim.App.1985). Moreover, the appearance docket reflects that "the State ... will confess for new trial". We cannot view this statement as a "confession" of error, as it merely joined the State in the appellant's motion for a new trial. A motion for a new trial is addressed to the sound discretion of the trial court, and, absent an abuse of discretion, the trial court's decision will not be disturbed on appeal. *Cooper v. State,* 671 P.2d 1168, 1174–75 (Okl.Crim.App.1983). We find no abuse of discretion. This assignment of error is without merit.

For his third and final assignment of error, the appellant argues that there should be no forfeiture of the "instrumentality of the crime" under 21 O.S.Supp. 1982, § 1722, because the jury verdict was silent on the forfeiture.

■ Title 21 O.S.Supp.1982, § 1722(2) provides that any person shall:

Be guilty of a felony if the value of such product so taken exceeds the sum of Fifty Dollars ($50.00) and upon conviction thereof, *shall be punished by forfeiture of the instrumentality of the crime* and by a fine of not less than One Hundred Dollars ($100.00), and not more than Fifty Thousand Dollars ($50,000.00), or confinement in the penitentiary for a term of not less than one (1) year, and not more than ten (10) years, or by both such fine and imprisonment. (emphasis added).

Although penal laws are to be interpreted strictly against the State and liberally in favor of the accused, *Boutwell v. State,* 659 P.2d 322, 329 (Okla.Crim.App.1983), it is a rule of statutory construction that the term "shall" is mandatory. *See Ethridge v. State,* 418 P.2d 95, 101 (Okla.Crim.App. 1966). A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. *State v. Stegall,* 96 Okl.Cr. 281, 253 P.2d 183, 187 (1953). Under the wording of Section 1722(2), the role of the jury is to determine whether the accused is guilty or not guilty of the offense, and once finding the accused guilty, to assess punishment within the statutory limits.

■ The question of first impression thus presented is whether the failure of the jury to expressly provide for forfeiture of the instrumentality of the crime in its verdict precludes imposition of forfeiture by the trial judge. We think not. The Legislature's use of the words "and upon conviction thereof, *shall be punished by forfeiture of the instrumentality of the crime*" makes forfeiture mandatory upon a finding of guilt. Under the facts and circumstances of this case, the tractor-trailer used for the theft of the gasoline was an instrumentality of the crime. The trial court was therefore required by the language of the statute to impose forfeiture of the tractor-

trailer as an instrumentality of the crime, regardless of whether the jury included forfeiture of the tractor-trailer in their verdict. This assignment of error is without merit.

Finding no merit to the appellant's assignments of error, the judgment and sentence of the district should should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.