927 So.2d 901 (2005)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Richard PIPKIN, Respondent.
No. 3D04-2317.
District Court of Appeal of Florida, Third District.
November 9, 2005.
Rehearing and Rehearing Denied May 17, 2006.
Enoch J. Whitney and Carlos Raurell, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, for petitioner.
Robert S. Reiff, Miami, for respondent.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied May 17, 2006.
SHEPHERD, J.
The petitioner, State of Florida, Department of Highway Safety and Motor Vehicles, seeks certiorari review of a circuit court appellate division decision reinstating respondent, Richard Pipkin's driver's license, which had been suspended for his refusal to submit to a breath-alcohol test. *902 Our decision turns on whether or not Pipkin was lawfully stopped by an off-duty Coral Gables police officer who observed him violating routine traffic regulations outside the officer's jurisdiction. Concluding that Pipkin was not lawfully stopped, we are compelled to approve the decision of the circuit court appellate division.
In November 2002, Coral Gables Police Officer Thomson observed Pipkin driving erratically in an easterly direction on Bird Road, just west of the Coral Gables city limit. Although Officer Thomson was in uniform and driving a marked police cruiser, he was off duty when he made this observation. He nevertheless activated his overhead lights and siren, signaling Pipkin to pull over. In so doing, Pipkin traveled across the City of Coral Gables boundary at the Red Road intersection, and came to a stop on the shoulder of the east-bound lane of Bird Road, fifty to seventy feet within the Coral Gables city limit.
Because he was off duty, Officer Thomson called on-duty Coral Gables Officer Smith to the scene, related the events that had transpired, and requested Officer Smith to conduct a field sobriety test. Based on this discussion and his own observations of Pipkin, Smith administered several field sobriety exercises, all of which Pipkin failed. Smith then arrested Pipkin for careless driving and driving under the influence, and transported him to the Coral Gables police station. At the station, Pipkin was informed of Florida's implied consent law, § 316.1932, Fla. Stat. (2004), but refused to take a breath-alcohol test. His license was suspended for one year pursuant to section 322.2615(b)1.a of the Florida Statutes. Pipkin sought formal administrative review of the suspension.
Officer Smith was the only officer to testify at the administrative review hearing. During his examination, Smith recounted Thomson's statement to him at the scene that Thomson pulled Pipkin over because he crossed a yellow line and failed to maintain a single lane outside the Coral Gables City limits. Based upon Thomson's account, "any alleged cause of the stop would all have occurred in the City of West Miami," according to Smith. Officer Smith also testified regarding his observations of Pipkin at the scene, his removal of Pipkin from his vehicle, and the failed roadside sobriety exam. The hearing officer sustained Pipkin's suspension of driving privileges. Pipkin appealed to the circuit court appellate division.
The appellate division reversed in favor of Pipkin. Relying on Schachter v. State, 338 So.2d 269 (Fla. 3d DCA 1976), it concluded that the conduct (which it termed a "routine traffic offense") giving rise to the stop and subsequent arrest occurred outside Officer Thomson's official jurisdiction and therefore was illegal.
"In reviewing a final order of the circuit court acting in its review capacity, the district court is limited to determining whether the circuit court afforded procedural due process and applied the correct law." Conahan v. Department of Highway Safety & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993). There is no allegation that Pipkin was denied procedural due process. We further conclude that the appellate division correctly applied Schachter and did not depart from the essential requirements of that law. See Broward County v. G.B.V. Intern., Ltd., 787 So.2d 838 (Fla.2001).
In Schachter, Schachter was arrested by Officer Magil, an off-duty City of North Miami Beach policeman, dressed in plain clothes and driving his own car, when he observed Schachter making a right turn on red without coming to a complete stop *903 at the traffic light. This, with other violations committed during an ensuing chase, occurred within the City of North Miami city limits (as opposed to North Miami Beach). We concluded there that Officer Magil's actions could "only be sustained as the actions of a private citizen who has the right to arrest a person who commits a felony in his presence. . . ." Schachter, 338 So.2d at 270 (emphasis added). See also Phoenix v. State, 455 So.2d 1024, 1025 (Fla.1984)(a private citizen has the common law right to arrest a person who commits a felony in his presence). Because Schachter's traffic infraction "in no way constituted a felony and the arrest by Magil was invalid as a private citizen", we determined that "the trial court was without jurisdiction to try [him]." Schachter, 338 So.2d at 270. Similarly here, the undisputed, albeit hearsay,[1] testimony of Officer Smith reflects that the entire conduct which supported the stop occurred outside the Coral Gables City limits and in no way constituted a felony.
Because the record is devoid of evidence of conduct within the City of Coral Gables on which the stop in this case can be justified, the stop was illegal. See State v. Sobrino, 587 So.2d 1347, 1348 (Fla. 3d DCA 1991)("[A] police officer has no power to effect a `stop' outside of his territorial jurisdiction unless there exists exigent circumstances, or the officer is on fresh pursuit."). Since the stop was illegal, Pipkin's subsequent arrest was illegal. See Richardson v. State, 291 So.2d 253 (Fla. 1st DCA 1974)(where initial stop of the defendant's vehicle was without probable cause or reasonable suspicion, subsequent arrest was invalid); Sobrino, 587 So.2d at 1347 (stating that under analysis of extrajurisdictional arrest, private citizen must have probable cause and belief that person arrested is guilty of a felony).[2]See also § 316.1932(1)(a), Fla. Stat.(2004)("The chemical or physical breath test must be incidental to a lawful arrest. . . .").
For the foregoing reasons, we deny the petition.
SUAREZ, J., concurs.
SCHWARTZ, Senior Judge (dissenting).
It is a basic principle of nature[3] and of law[4] that things continue as before unless something significant happens to change *904 them. It seems to me that the majority opinion violates this basic rule. The idea that there was no reason to believe that Pipkin violated the law in Coral Gables can be based only upon the quite ridiculous assumption that his intoxication and the erratic driving it caused would cease immediately upon crossing the city limits. Its residents and all South Florida properly regard Coral Gables as The City Beautiful; I had not previously thought that it was also The City Sober. That this need not and should not be the law is shown by Department of Highway Safety & Motor Vehicles v. McClane, 891 So.2d 596 (Fla. 5th DCA 2004), which is conceptually contrary to the Court's decision. That the officer was legally required to wait until Pipkin lost control of his vehicle in Coral Gables itself before stopping him is simply unacceptable. I would grant the petition.
NOTES
[1] The Department did not contest the hearsay nature of Officer Smith's testimony at the administrative review hearing and does not contest it here. Therefore, we do not now consider whether the trial court erred in admitting this testimony as the issue is not preserved for review. See Jalbert v. State, 95 So.2d 589 (Fla.1957)(any error in admitting allegedly hearsay testimony could not be considered on appeal where such error was not objected to during trial); Newman v. State, 676 So.2d 40 (Fla. 3d DCA 1996)(where the defendant did not object to hearsay testimony at time it was entered during trial, the defendant waived issue for appellate review).
[2] Under Florida law, driving under the influence is not a felony. State v. Furr, 723 So.2d 842 (Fla. 1st DCA 1998). Even if we were to analyze this case applying a citizen's arrest standard, Officer Thomson would not meet the test as enumerated in State v. Sobrino because he would have had no way to determine whether a felony had been committed at the point at which he stopped Pipkin.
[3] Newton's first law of motion is that "every object in a state of uniform motion tends to remain in that state of motion unless an external force is applied to it." In re Mobro Marine, Inc., No. 3:02-CV-471-J-20-TEM, 2004 WL 3222743, at *24 n. 1 (M.D.Fla. Dec.20, 2004).
[4] J.R. Brooks & Son, Inc. v. Quiroz, 707 So.2d 861, 862 (Fla. 3d DCA 1998)(citing 29 Am. Jur.2d Evidence § 291, at 305 (1994))("When the existence of a condition or state of facts is once established by proof, an inference or rebuttable presumption arises that the condition or state of facts continues to exist as before, until the contrary is shown.").