SILBERMAN, Judge.
The circuit court denied George Roberts’ petition for writ of certiorari that sought relief from the final order of the Department of Highway Safety and Motor Vehicles suspending Roberts’ driving privileges for one year. In this second-tier certiorari review, Roberts contends that the circuit court applied the wrong law when it determined that an officer outside his jurisdiction could make a legal stop and arrest as a private citizen for a breach of the peace based on Roberts’ erratic and unsafe driving.[1] We disagree and deny *1242 the petition. See Clinton v. State, 421 So.2d 186, 188 (Fla. 2d DCA 1982) (recognizing that citizens have a “right to arrest a person who commits a misdemeanor in their presence when said misdemeanor amounts to breach of the peace”); State v. Furr, 723 So.2d 842, 844-45 (Fla. 1st DCA 1998) (determining that Furr’s drunk driving was a breach of the peace that authorized an officer outside his jurisdiction to make a citizen’s arrest); Edwards v. State, 462 So.2d 581, 582 (Fla. 4th DCA 1985) (determining that Edwards’ erratic and dangerous driving amounted to a breach of the peace, justifying a citizen’s arrest by an officer outside his jurisdiction). But see State, Dep’t of Highway Safety & Motor Vehicles v. Pipkin, 927 So.2d 901, 903 (Fla. 3d DCA 2005) (determining that an officer could not make a stop outside his jurisdiction for a traffic offense and that a citizen’s arrest analysis did not apply because the driver’s conduct did not constitute a felony).
Petition denied.
CANADY and WALLACE, JJ., Concur.

. We note that another officer acting in his jurisdiction made the actual arrest and request for Roberts to submit to a breath test.