2009 OK CR 18

**STATE of Oklahoma, Appellant**

v.

**Misty Dawn KIEFFER–RODEN.**

No. S–2008–446.

Court of Criminal Appeals of Oklahoma.

May 5, 2009.

Karen Byars, Shawnee, OK, attorney for defendant at trial.

Russ Cochran, Assistant District Attorney, Shawnee, OK, attorney for the State/appellee at trial and on appeal.

Thomas Purcell, Okla. Indigent Defense System, Norman, OK, attorney for appellant on appeal.

Richard Smothermon, District Attorney, Shawnee, OK, attorney for appellee on appeal.

*OPINION*

LEWIS, Judge.

¶ 1 The State of Oklahoma appeals from an order suppressing evidence and dismissing the Information, charging Appellee with Aggravated Driving A Motor Vehicle While Under The Influence Of Alcohol, in violation of 47 O.S.Supp.2006, § 11–902(D), in the District Court of Pottawatomie County, Case No. CM–2008–102. Appellee was arrested in Pottawatomie County after the arresting officer observed signs that Appellee was driving while intoxicated as she left the Fire Lake convenience store. After Appellee was subsequently charged with Aggravated DUI, she moved to suppress the evidence on various grounds, only one of which reaches us on appeal. The District Court granted the motion to suppress, and the State requested the order be stayed pending an appeal to this Court. Despite the mandatory nature of a stay directed by statute "pending the outcome of the appeal," 22 O.S.Supp.2002, § 1053(5), the District Court denied the stay request and dismissed the case. We have jurisdiction of the appeal under section 1053(5).

¶ 2 The District Court's decision to suppress all evidence obtained in this arrest derives from the legal conclusion that as to the arresting officer, the Sheriff of Pottawatomie County had failed to comply with the requirements of 19 O.S.Supp.2005, § 548, which provides:

A. Every appointment of an undersheriff or a deputy sheriff, and every revocation of such appointments, shall be in writing, under the hand of the sheriff. The sheriff shall maintain a list of every appointment and revocation of an undersheriff or deputy sheriff. The list shall be made available to the public upon request.

B. This section shall not extend to any person who may be deputized by any sher-

iff or undersheriff to do any particular act only.

¶ 3 Following an evidentiary hearing on the motion, the District Court found that the Sheriff had not complied with section 548, as he had failed to maintain a list of every appointment and revocation of an undersheriff or deputy sheriff, including the arresting officer, and that such list was therefore not available to the public upon request at the time of the arrest, all in violation of section 548 of Title 19. As a result of this violation of the statute, the District Court concluded the arresting officer conducted the arrest outside his jurisdiction, suppressed all the resulting evidence of intoxication as fruit of the arrest, and dismissed the case.

¶ 4 We reverse. The District Court abused its discretion in ordering the suppression of evidence as a result of the Sheriff's apparent violation of this statute. In *Nickell v. State*, 1987 OK CR 260, 746 P.2d 1155, we found that an arrest made by a municipal police officer while outside his jurisdiction was lawful, and evidence obtained thereby was admissible, under either of two alternative theories. The first theory was the limited power, granted in section 548, above, authorizing a deputy sheriff to deputize any person to *do a particular act*. Because the police officer in *Nickell* was acting at the specific request of a deputy sheriff, we found the arrest was a lawful exercise of the deputization power for a particular act. *Id.* at ¶ 7, 746 P.2d at 1157.

¶ 5 This "particular act" theory does not apply here. However, we also held in *Nickell* that a police officer enforcing the law by making an arrest outside his jurisdiction may be justified by 22 O.S.2001, § 202, the statute authorizing arrest by private persons.

> In the alternative, and temporarily setting aside the deputization of the [ ] police officer by the [ ] Deputy Sheriff, *a police officer who witnesses a public offense committed outside his jurisdiction may make a citizen's arrest.* See 22 O.S.1981 § 202. *Molan v. State*, 614 P.2d 79, 80 (Okla.Crim. App.1980); *Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951). See generally 34 A.L.R.4th 328 (1984).

*Nickell*, at ¶ 8, 746 P.2d at 1157 (emphasis added).

¶ 6 In *Molan*, cited in *Nickell*, city police officers of Medicine Park, admittedly acting outside their jurisdiction, arrested the appellant and his confederates upon probable cause to believe they had committed armed robbery. The Court held the arrest by the police officers was a lawful arrest:

> The State concedes that the [officer] was outside his jurisdiction, but argues that he was in fresh pursuit of a felon, which would legitimate the arrest. However, the idea of fresh pursuit requires that an officer begin the chase in his or her own jurisdiction and continue it until the person is caught. In the present case, the crime, as well as the arrest, occurred outside the jurisdiction of the [ ] officers. So fresh pursuit will not justify the arrest.
>
> Nevertheless, this Court holds that the arrest was justified. Title 22 O.S.1971 § 202 provides that a private person may make an arrest when a felony has been committed and when the person making the arrest has reasonable cause to believe that the person arrested committed that crime. *This Court has held that a law enforcement officer outside his jurisdiction may make a citizen's arrest. Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951).

*Molan*, 1980 OK CR 55, ¶¶ 3–4, 614 P.2d at 81 (emphasis added).

¶ 7 *Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951), cited by the Court in *Molan*, is also instructive. Appellant was there charged with driving while intoxicated, after he crashed his vehicle just outside the city limits of Henryetta. The first officer called to the scene of the accident was a city policeman, who observed the defendant intoxicated, placed him under arrest, and saw a container of liquor in the vehicle. The officer testified at trial that his authority for the arrest outside the city was his deputy sheriff's commission. *Id.* at 921. On the claim that the arrest was illegal, the Court there said:

> However, aside from the fact that the arresting officer appears to have held a commission as deputy sheriff, the defendant from the evidence was in a public place

and intoxicated, *and in the presence of the officer*, and that gave him the right to make the arrest.

95 Okl.Cr. at 7, 237 P.2d at 922 (emphasis added). The Court for authority again cited 22 O.S., § 202, the statute authorizing a private person to make an arrest for a misdemeanor committed in his presence.

¶ 8 In *Williams v. State*, 1962 OK CR 80, 373 P.2d 91, the appellant was convicted of driving under the influence in the District Court of Pittsburg County. Appellant was originally observed by a city police officer to be driving erratically within the city limits of Hartshorne, at which point the officer pursued the appellant, stopped his vehicle, and placed him under arrest almost three miles from town. *Id.* at ¶ 6, 373 P.2d at 93–94. Appellant argued on appeal that the "police officer was outside the city limits and therefore without authority to make the arrest for the misdemeanor herein involved." *Id.* at ¶ 19, 373 P.2d at 95. Quoting the syllabus from *Moran v. State*, supra, the Court held the arrest was proper under section 202:

> Where police officer finds an accused outside the city limits of municipality on a public highway and in a drunken condition, *even though said officer held no commission as a county or state officer, still, by provision of Tit. 22 O.S.1941, § 202, he had a right and it was his duty to arrest said person,* and he had the further right to take possession of intoxicating liquor observed in the front part of accused's ditched automobile.

*Williams*, at ¶ 20, 373 P.2d at 95–96, *quoting Moran*, 237 P.2d at 921 (emphasis added).

¶ 9 In *State v. Davidson*, 479 N.W.2d 513 (S.D.1992), the Supreme Court of South Dakota upheld a tribal police officer's arrest of a DUI suspect under a private arrest statute almost identical to 22 O.S., § 202. The officer in *Davidson* was not even cross-deputized as a state law enforcement officer when he apprehended the driver on a state roadway. The Court nevertheless said:

> [A] tribal police officer is empowered to make a valid citizen's arrest just as any other citizen of the state of South Dakota. SDCL 23A–3–3 provides in pertinent part that, "[a]ny person may arrest another . . . [f]or a public offense, other than a petty offense, committed or attempted in his presence[.]" In discussing the, "in the presence" requirement of the law enforcement officer's arrest statute, this court recently stated that, "for an arrest to be valid under SDCL 23A–3–2(1), the arresting officer must become aware, as a result of his sensory perceptions, of acts or circumstances sufficient to give him probable cause to believe that a defendant is committing a criminal offense in his presence."

*Davidson*, 479 N.W.2d at 515 (internal citation omitted).

¶ 10 The arresting officer in this case, at the time of the arrest, was a commissioned police officer of the Citizen Potawatomi Nation, as well as a commissioned Deputy Sheriff of Pottawatomie County. He observed the Appellee leave the Fire Lake convenience store driving at a high and unsafe rate of speed. The officer testified he observed the initial traffic violations on tribal land, but made his stop outside tribal land when he observed further violations of state law, relying on his commission as a Deputy Sheriff. This was a valid arrest authorized by the foregoing authorities and the private arrest statute, 22 O.S.2001, § 202.

¶ 11 A tribal or municipal police officer making an arrest outside his jurisdiction for an offense committed in his presence (and any person making any arrest authorized by section 202) must also comply with other statutory limitations on arrests by private persons. In particular, under 22 O.S.2001, § 203, the person making the arrest must "inform the person to be arrested of the cause thereof, and require him to submit, except when he is in actual commission of the offense or when he is arrested on pursuit immediately after its commission." The person making the arrest must also "without unnecessary delay, take [the arrested person] before a magistrate or deliver him to a peace officer" having jurisdiction of the offense. 22 O.S.2001, § 205.

¶ 12 We agree with the District Court that the County Sheriff should comply with all statutes governing the appointment and revocation of undersheriffs and deputies. In-

deed, when his apparent non-compliance was brought to the Sheriff's attention, the record indicates he rectified the error. However, the issue of whether the Sheriff strictly complied with section 548 of Title 19 does not determine the outcome here. Assuming the Sheriff's failure to maintain the list of appointments and revocations directed by statute, the facts before us and the foregoing authorities show the arresting officer was justified as a private person, acting under authority of section 202(1) of Title 22, in pursuing Appellee, stopping her for traffic violations committed in his presence, and consequently obtaining evidence of her intoxication.

## DECISION

¶13 The Order and Judgment of the District Court of Pottawatomie County is **REVERSED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J., A. JOHNSON, V.P.J., G. LUMPKIN and C. CHAPEL, JJ., concur.